I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO: DATE: DEPUTY CLERK:

Plaintiffs on 09-28-15 by ts



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FERNANDO PEREZ LOPEZ RODARTE et al., <br><br> Plaintiff, <br><br> v. <br><br> DR. BARSOM et al., <br><br> Defendants. | Case No. CV 15-02199-JVS (DFM) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

On March 25, 2015, pro se Plaintiffs Fernando Perez Lopez Rodarte ("Rodarte") and Ray Aguirre ("Aguirre"), who are each involuntarily committed at the Metropolitan State Hospital in Norwalk, California, filed this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). The Complaint names the following persons as Defendants, all in their individual and official capacity: Dr. Barsom, Executive Director of Treatment Teams and Staff at

Metropolitan State Hospital; Rebecca McLary; Elizabeth Anderson; all staff of Units 409 and 407; and hospital police. Complaint at 3-4.[1] Plaintiffs contend that Defendants violated their First Amendment right of free speech and their Eighth Amendment right against excessive force and cruel and unusual punishment. Id. at 5. In addition, Plaintiffs allege a state-law claim for violation of their rights to refuse antipsychotic drugs under In re Greenshields, 227 Cal. App. 4th 1284 (2014). Id.[2]

In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the Complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.

## SUMMARY OF PLAINTIFFS' ALLEGATIONS

Plaintiffs contend that their Eight Amendment rights were violated because of "a long-established pattern of medical abuse" under Dr. Barsom's direction. Complaint at 5. The abuse includes violations of the decision in In re Greenshields, 227 Cal. App. 4th 1284 (2014), where the California Court of Appeal purportedly held that a defendant found not guilty by reason of

---

[1] All page references to the Complaint are to the CM/ECF pagination.

[2] The previously-assigned U.S. Magistrate Judge recommended that Plaintiff's request to proceed without prepayment of filing fees be denied because the Complaint failed to state a claim upon which relief may be granted, attaching a five-page memorandum setting forth the reasons for reaching that conclusion. Dkt. 4. The District Judge agreed and ordered the case dismissed. Id. Plaintiffs appealed and the Ninth Circuit reversed and remanded for further proceedings. The case was subsequently re-assigned to this Court due to the retirement of the previously-assigned U.S. Magistrate Judge. See Dkt. 12. An order granting Plaintiff's request to proceed without prepayment of filing fees will issue separately.

insanity has the right to refuse antipsychotic medications in non-emergency situations. Id.

Plaintiffs allege that on March 9, 2015, patient Burkeley, who had a small bag of chips, received several injections of prolixen because he violated the overly restrictive hospital policy which prohibits patients from possessing any food items on their person. Id. When Rodarte saw Burkeley tied down in the seclusion room and asked staff about Burkeley's treatment, the staff "turned on him" and "he too was almost injected with a chemical restraint just for asking a question." Id.

Plaintiffs contend that their First Amendment rights were violated because patients are not allowed to speak of the In re Greenshields decision at any time, even in group therapy. Id. Because he spoke about the decision to other patients, Aguirre lost ground privileges, a good job, and recommendation for conditional release. Id. Plaintiffs allege that the patients' rights to "due process" and "equal protection of the law" are being denied by Defendants. Id.

Plaintiffs allege that Dr. Barsom ignores mistreatment of patients and fails to correct the abuse of patients' constitutional right to refuse antipsychotics in nonemergency situations; that McLary allowed Unit Supervisor Rose Mizal to steal DVDs from Rodarte; and that Anderson took money from patient Clary Bluestilfield and threatened and harassed him and patient Juan Chavez. Id. at 3. Additionally, Plaintiffs bring claims against all staff of Unit 409 and 407 for harassment, threats, and failure to help patients. Id. at 4. Plaintiffs also bring claims against hospital police for excessively tight restraints used on patients during transportation, causing pain and difficulty in walking. Id.

After screening the Complaint before ordering service in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that it fails to state claims upon which relief may be granted.

## III.
## STANDARD OF REVIEW

The following standards govern the Court's screening of the complaint. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiffs are appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiffs' pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for

failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## IV.
## DISCUSSION

**A.  Plaintiffs Cannot State a Claim Under *Bivens***

Plaintiffs seek to recover damages against Defendants under a Bivens theory. Complaint at 1. In Bivens, the Supreme Court held that claims for

damage could be maintained against federal officials for violations of the Constitution. <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 338, 392 (1971). Here, Plaintiffs are suing state officials, not federal officials; thus, <u>Bivens</u> is not applicable. <u>See</u> <u>Christian v. Crawford</u>, 907 F.2d 808, 810 (1990)("An action under <u>Bivens</u> is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials."). Accordingly, any claims under <u>Bivens</u> are subject to dismissal.[3]

**B.**     **Plaintiffs Have Failed to Meet Rule 8 Requirements**

Plaintiffs name "All Staffs of Units 409 and 407" and "Hospital Police" as Defendants and brings claims for First Amendment violations based on retaliation against Aguirre for informing other patients of their right to refuse medication under <u>In re Greenshields</u>. <u>See</u> Complaint at 4-5. The U.S. Supreme court has explained that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. <u>Twombly</u>, 550 U.S. at 556 n.3. While Rule 8 does not require "detailed factual allegations," it nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. Thus, allegations in a complaint must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it. Also, the allegations must be sufficiently plausible, "such that it is not unfair to require the opposing party to be

---

[3] This is one of the numerous reasons cited by the previously-assigned U.S. Magistrate Judge in his five-page attachment that was ultimately adopted by the District Judge when the case was originally dismissed. The Court does not understand the Ninth Circuit's remand as criticizing the attachment's legal reasoning on these issues, but rather questioning whether the attachment had analyzed whether Plaintiffs should be given leave to amend. Because the Court's ultimately conclusion here is that leave to amend should be granted, it is appropriate for the Court to include all possible grounds for dismissal.

subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). However, the liberal construction doctrine "applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In making allegations against the staff of units 409 and 407 and the hospital police, Plaintiffs have not named any individual defendant or explained how he or she participated in or otherwise might be responsible for the alleged violations. See Complaint at 5. In terms of the First Amendment retaliation claims, Plaintiffs allege that Aguirre lost grounds privileges, his IT job, and his recommendation for conditional release as a result of speaking publicly about the In re Greenshield decision. Id. at 4. Although these allegations arguably state a potentially viable claim of retaliation against individuals for engaging in constitutionally protected activities, see Blair v. Bethel School District, 608 F.3d 540, 543 (9th Cir. 2010), Plaintiffs do not name any specific defendants responsible for these actions. Therefore, Plaintiffs' claims are not sufficiently detailed to give fair notice to the opposing party of the nature of the claim. See Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (holding that a complaint violates Rule 8 if a defendant would have difficulty responding to the

complaint). Accordingly, Plaintiffs' First Amendment claims as well as allegations against all staff of units 409 and 407 and hospital police are insufficient to state a claim for relief.

**C.     Plaintiff's Claim for Damages Against Defendants in Their Official Capacity Fails to State a Claim for Relief**

Plaintiffs name each of the Defendants in their official capacity. See Complaint at 3-4. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Here, all of the Defendants are officers or agents of the State of California Department of State Hospital ("DSH"). Therefore, all of Plaintiffs' claims against Defendants in their official capacities are tantamount to claims against the DSH.

However, states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights claims for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64–66 (1989); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in their individual capacities nor for prospective injunctive relief against state officials sued in their official capacities). The DSH is an agency of the State of California and, therefore, entitled to Eleventh Amendment immunity. See Brown v. Cal. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have "unequivocally expressed" its consent to waive its sovereign immunity or Congress must have abrogated it. See Pennhurst State School &

Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). California has consented to be sued in its own courts pursuant to the California Tort Claims Act, but such consent does not constitute consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of the state's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

      Accordingly, Plaintiffs' claims against the Defendants in their official capacity and against the DSH are barred by the Eleventh Amendment.

**D.   Plaintiffs May Not Represent Others**

      Plaintiffs attempt to raise claims on behalf of themselves and others. Plaintiffs allege that Anderson has taken money from, threatened, and mistreated Clary Bluestilfield and Juan Chavez. Complaint at 3. Plaintiffs also allege that patient Burkeley was injected with prolixen for possessing a small bag of chips. Id. at 5. However, pro se litigants may not represent the interests of anyone other than themselves. See Simon v. Hartford Life, Inc., 546, F.3d 661, 665-65 (9th Cir. 2008); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cr. 1995) (holding that non-attorneys may only appear on their own behalf). Therefore, Plaintiffs may not bring this action against Anderson or other hospital staff on behalf of others.

**E.   Plaintiffs Failed to State a Constitutional Claim Regarding Deprivation of Property**

      Plaintiffs allege that McLary allowed Unit Supervisor Rose Mizal to steal Rodarte's DVDs. Complaint at 3. However, even an "unauthorized, intentional deprivation of property by a governmental employee" does not

violate due process if the state provides a "meaningful postdeprivation" remedy. See Hudson v. Palmer, 486 U.S. 517, 531 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

The Ninth Circuit has found that California's postdeprivation remedy is adequate. See Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997); Centoni, 31 F.3d at 816-17 ("California Law provides an adequate postdeprivaiton remedy for any property deprivations."); see also Cal. Gov't Code §§ 810-895. Thus, to the extent that Rodarte claims he was deprived of property by McLary, he has failed to state a constitutional claim.

### F. Plaintiffs Failed to State an Viable Eighth Amendment Claim

Plaintiffs allege that Dr. Barsom ignores mistreatment of patients and fails to correct the abuse of patients' right to refuse antipsychotics under In re Greenshields. Complaint at 3, 5. Plaintiff seems to claim that Dr. Barsom's deliberate indifference and the "oppression and overly restrictive conditions" at the Metropolitan State Hospital constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, because Plaintiffs are involuntarily committed for the purpose of treatment and not as a result of a formal adjudication of guilt, they do not meet the Eighth Amendment's essential element of punishment. See Hydrick v. Hunter, 500 F.3d 978, 994 (9th Cir. 2007). The Ninth Circuit has held that "the Eighth Amendment is not the proper vehicle to challenge the conditions of civil commitment." Id.; see also Rainwater v. Alarcon, 268 Fed.Appx. 531, 535 (9th Cir. 2008). The same claims may, however, be raised under Fourteenth Amendment standards. Hydrick, 500 F.3d at 994. See also Munoz v. Kolender, 208 F.Supp.2d 1125, 1146 ("Conditions of confinement claims raised by detainees who are not adjudicated criminals are analyzed under the Fourteenth Amendment substantive Due Process Clause, rather than under the Eighth amendment."). Accordingly, Plaintiffs' Eighth Amendment claims are subject to dismissal.

### G. Plaintiffs Failed to Allege Any Facts to Establish Supervisory Liability

Plaintiffs bring a claim against McLary, the Program Director of Unit 3, based on the allegation that she allowed Unit Supervisor Rose Mizal to steal from Rodarte. Complaint at 3. Plaintiffs also contend that at Dr. Barsom's direction, a long-established pattern of medical abuse has unfolded at Metropolitan State Hospital. Id. at 3. However, supervisory personnel such as McLary and Dr. Barsom generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

In Iqbal, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S. at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff

11

was deprived under color of law of a federally secured right.'

'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiffs name McLary and Dr. Barsom as a defendants presumably on the basis of their positions as supervisors, but fail to set forth any specific allegations that McLary or Dr. Barsom personally participated in the underlying alleged violations of Plaintiff's constitutional rights. Nor does Plaintiffs set forth any factual allegations that McLary or Dr. Barsom either personally promulgated any policy that had a direct causal connection with the deprivation of "federally secured rights," Baca, 652 F.3d at 1007, or knowingly acquiesced to the other alleged conduct against the Plaintiffs. In fact, neither Plaintiffs have allege specific instance of constitutional violations committed against them. For example, the McLary allegation as it pertains to Plaintiff Rodarte is not a valid constitutional claim, see supra Section E., and neither Plaintiffs have alleged that he was personally denied his right to refuse

12

antipsychotic drugs. Accordingly, Plaintiff's supervisory liability claims against McLary and Dr. Barsom are subject to dismissal.

## V.
## CONCLUSION

Because of the pleading deficiencies identified above, the Complaint is subject to dismissal. Because it is not absolutely clear that Plaintiffs' pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. If Plaintiffs still desire to pursue claims against Defendants in their individual capacity, he shall file a First Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiffs' First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. The Clerk is directed to send Plaintiffs a blank Central District civil rights complaint form, which Plaintiffs are strongly encouraged to utilize.

**Plaintiffs are admonished that, if they fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: September 28, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge